Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com

*Attorney for Plaintiff*
*Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 3:18-cv-00082-SK |
| Plaintiff, | Honorable Sallie Kim |
| vs. | **PLAINTIFF'S SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S ORDER [CM/ECF 18]** |
| JOHN DOE subscriber assigned IP address 73.231.225.232, | |
| Defendant. | |

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), respectfully submits the following supplemental briefing in response to the Court's order [CM/ECF 18].

1. Why did defense counsel appear on March 2, 2018, and stipulate to ADR on March 30th when the ISP had not provided information about the identity of Defendant until March 29, 2018?

*Plaintiff's Response*: On February 5, 2018 the Court entered an Order granting Plaintiff leave to serve a subpoena on Comcast to identify the subscriber assigned IP address 73.231.225.232 ("Subscriber"). Plaintiff served the subpoena and pursuant to the Court's order, Comcast was allowed seventy days to respond to Plaintiff's subpoena [CM/ECF 9].

Comcast promptly notified Subscriber of the subpoena and on March 2, 2018 defense counsel appeared "as counsel on behalf of IP ADDRESS 73.231.225.232." [CM/ECF 10]. At this time, the thirty-day period in which the Subscriber was allowed to move to quash the

1

subpoena had not yet expired, and Plaintiff was still unaware of the Subscriber's identity. *See* [CM/ECF 9 ¶ 6].  On March 9, 2018, the Parties discussed settlement and Plaintiff's counsel offered to stipulate to a confidentiality agreement to allow the Parties to exchange information in an effort to facilitate a speedy resolution of the case.  Plaintiff did not receive a response from defense counsel.

On March 22, 2018, the Parties were notified that they were in Non-Compliance with the Court's Order requiring ADR selection and the Parties were required to Meet and Confer in an attempt to agree on the ADR process [CM/ECF 12]. On March 29, 2018, Comcast responded to the subpoena and Plaintiff learned the Subscriber's identity. In an effort to comply with the Court's order, and continue the case in good faith, counsel conferred and agreed that if the case did not resolve on its own, Early Neutral Evaluation was appropriate. The Parties then filed the Stipulation and Proposed Order for Early Neutral Evaluation [CM/ECF 13].

 2. Does defense counsel represent the subscriber noted in the caption as the Defendant in this action?

Plaintiff's understanding is that defense counsel represents the subscriber noted in the caption.  On April 11, 2019 the Parties agreed to a settlement and are currently finalizing the terms. Plaintiff anticipates filing a Notice of Settlement shortly.

Dated:  April 12, 2018

Respectfully submitted,

By: /s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow, Esq.
FOX ROTHSCHILD LLP
*Attorney for Plaintiff*

2